UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO, INC., and DISNEY ENTERPRISES, INC., <br><br>            Plaintiffs, <br><br>     v. <br><br>RONNIE HOME TEXTILE INC., KENNETH K. DOEING, and QINQIN PAN, <br><br>            Defendants. | 2:14-cv-06369-RSWL (JEMx) <br><br>**Order re: Defendants' Motion for Stay of Action** [34] |

## INTRODUCTION

Currently before the Court is Defendants Ronnie Home Textile, Inc., Kenneth J. Doeing, and QinQin Pan's (collectively, "Defendants") Motion for Stay of Action [34] ("Motion"). Plaintiffs Sanrio, Inc. and Disney Enterprises, Inc. (collectively, "Plaintiffs") assert claims of copyright infringement, trademark

1

infringement, and unfair competition against Defendants. Compl., ECF No. 1. Defendants' Motion requests that this Action be stayed "in its entirety pending the resolution of a possible criminal prosecution against Defendants." Mot. for Stay of Action ("Mot.") 1:28-2:2, ECF No. 34.

The Court, having reviewed all papers submitted and pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **DENIES** Defendants' Motion for Stay of Action [34].

## I. BACKGROUND

Plaintiff Sanrio, Inc. ("Sanrio") manufactures, distributes, and sells, among other things, character artwork. Compl. ¶¶ 4-5, ECF No. 1. Sanrio has produced and licensed characters such as Hello Kitty, Bad Badtz Maru, Chococat, and KeroKeroKeroppi. Id. ¶ 6. Plaintiff Disney Enterprises, Inc. ("DEI") licenses and merchandises characters, including Mickey Mouse, Minnie Mouse, Aladdin, Beauty and the Beast, Cinderella, and Sleeping Beauty. Id. ¶¶ 14-16. Defendant RHT is a California corporation. Id. ¶ 24; Answer ¶ 24. Defendants Doeing and Pan are individuals and are allegedly principals or supervisory employees of RHT. Compl. ¶¶ 25-26; see Answer ¶¶ 25-26.

Plaintiffs Sanrio and DEI claim to own the copyright and trademark registrations for their respective character artwork. Compl. ¶ 28. Plaintiffs allege that Defendants used Plaintiffs' copyrighted

works and registered trademarks on Defendants' infringing products without Plaintiffs' consent. <u>Id.</u>

Plaintiffs filed this Action in August 2014. In December 2013, law enforcement personnel obtained a search warrant to "search several locations at which Defendants were allegedly storing, distributing and/or selling certain counterfeit goods and merchandise." Mot. 4:17-20. During the search in December, law enforcement personnel seized Defendants' computers and computer servers, as well as goods, merchandise, and other items, related to the criminal counterfeiting investigation. Mot. 5:1-3. The criminal investigation is currently under review, and the prosecuting authority has not yet filed any charges against Defendants. Mot. 5:7-10.

Defendants' Motion for Stay of Action was filed on February 3, 2015 [34]. Plaintiffs' Opposition was timely filed on February 10, 2015 [35]. No Reply was filed.

## II. LEGAL STANDARD

A district court has "discretionary power to stay proceedings in its own court." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936)). Although the Court has the discretion to "stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." <u>Fed. Sav. & Loan Ins. Corp. v.</u>

3

Molinaro, 889 F.2d 899, 902 (9th Cir. 1989). In deciding whether to stay a civil proceeding in such a context, a court should consider how the defendant's Fifth Amendment rights will be affected. Id. In addition, the following five factors guide courts in deciding whether to stay a civil proceeding pending the outcome of a related criminal proceeding:

(1) the plaintiff's interest in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay;

(2) the burden that any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

SEC v. Global Express Capital Real Estate Inv. Fund, 289 F. App'x 183, 190-91 (9th Cir. 2008) (citing Keating v. Office of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995)); see ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1045-47 (C.D. Cal. 2014) (using the above "Keating factors" to determine whether to stay a civil proceeding in light of a parallel criminal proceeding).

## III. ANALYSIS

**A. Implication of Defendants' Fifth Amendment Rights**

"A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case," including "the extent to which the defendant's fifth amendment rights are implicated." Molinaro, 889 F.2d at 902. While "the extent to which the defendant's Fifth Amendment rights are implicated is a significant factor for the [Court] to consider," it is "only one consideration to be weighed against others," as "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating, 45 F.3d at 326.

Corporations cannot assert the Fifth Amendment privilege against self-incrimination. Braswell v. United States, 487 U.S. 99, 102 (1988) (citing Bellis v. United States, 417 U.S. 85, 88 (1974)). Thus, RHT, a corporate entity, has no Fifth Amendment privilege. Compl. ¶ 24.

The contents of "business records" are also "not privileged." Id. at 102-04; see United States v. Doe, 465 U.S. 605, 610 (1984) (stating that "the Fifth Amendment protects the person asserting the privilege only from *compelled* self-incrimination," and "[w]here the preparation of business records is voluntary, no

5

compulsion is present"). Further, a custodian[1] of corporate records cannot assert the Fifth Amendment privilege as to the mere production of corporate records because "the custodian of corporate or entity records holds those documents in a representative rather than a personal capacity." Braswell, 487 U.S. at 109-110. Even if the business records' contents tend to incriminate the custodian, the custodian still "has no privilege to refuse production." Wilson v. United States, 221 U.S. 361, 382 (1911).

    Here, Mr. Doeing and Ms. Pan "are the only persons who would be answering on behalf of the corporate Defendant, RHT Home Textile," Mot. 8:21-23, and are thus "custodians" of RHT's corporate records. See In re Sealed Case, 877 F.2d 83, 86 (D.C. Cir. 1989). Thus, Mr. Doeing and Ms. Pan cannot claim a Fifth Amendment privilege as to the production of RHT's corporate records, even if the contents of the records tend to be incriminating. See Braswell, 487 U.S. at 110; Wilson, 221 U.S. at 382.

    As to other potentially incriminating evidence outside of RHT's business records, if Mr. Doeing and Ms. Pan are indicted, "the Court can rule on individual assertions of fifth amendment privilege if and when such assertions occur." S.W. Marine, Inc. v. Triple A

---

[1] The term custodian refers to "any agent of the corporations who . . . has custody or control over corporate documents." In re Sealed Case, 877 F.2d 83, 86 (D.C. Cir. 1989).

6

Mach. Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal. 1989). Moreover, the "case for staying civil proceedings is a far weaker one" when, as here, "no indictment has been returned, and no Fifth Amendment privilege is threatened." Molinaro, 889 F.2d at 903 (internal quotation marks and alterations omitted).[2] Finally, Plaintiffs represent that they "have already developed significant evidence supporting their claims separate and independent from any testimony or statements required by the individual Defendants." Opp'n 7:3-5. Thus, "the extent to which the defendant[s'] Fifth Amendment rights are implicated" here does not justify a stay of this entire Action. Keating, 45 F.3d at 326.

**B. Plaintiffs' Interests and Prejudice**

In deciding whether to grant a stay, courts consider the plaintiff's interest in "proceeding expeditiously with this litigation" and the potential prejudice to the plaintiff of a delay. Keating, 45 F.3d at 325. A "civil plaintiff has an interest in having her case resolved quickly." ESG, 22 F. Supp. 3d at 1046. A stay for an "indeterminate period" is more likely to cause prejudice to the plaintiff. See Int'l

---

[2] See Favaloro v. S/S Golden Gate, 687 F. Supp. 475, 482 (N.D. Cal. 1987) (denying motion to stay, noting that defendants have not been indicted); Int'l Bus. Mach., Corp. v. Brown, 857 F. Supp. 1384, 1389 (C.D. Cal. 1994) (stating that even if a criminal proceeding is pending, the "choice between testifying or invoking the Fifth Amendment . . . does not create the basis for a stay" (internal quotations marks omitted)).

Business Machines, 857 F. Supp. at 1391.

Here, Defendants have been under criminal investigation since December 2013, but no charges have been filed. Mot. 5:7-10. Defendants' requested stay would be indefinite and is thus more likely to cause prejudice to Plaintiffs. See, e.g., Int'l Business Machines, 857 F. Supp. at 1391-92. If the requested stay is granted, Plaintiffs would not only have to wait for an indictment, but for the entire criminal proceeding to conclude. Plaintiffs state that such a delay could result in substantial prejudice to Plaintiffs' case, such as loss of witnesses or the veracity of witness testimony, the inability to recover monetary damages due to the depletion of Defendants' funds, the costs associated with storing evidence, and statute of limitations bars to actions against additional infringers whom Plaintiffs may discover in the course of this Action.[3] See Opp'n 6:10-7:19. This factor weighs against granting the requested stay. See, e.g., ESG, 22 F. Supp. 2d at 1046.

**C. Burden on the Defendant**

The next Keating factor considers "the burden which

---

[3] See, e.g., S.W. Marine, Inc., 720 F. Supp. at 810 ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." (internal quotation marks omitted)); ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("Courts have also recognized that there may be prejudice to a plaintiff where a stay of discovery might result in her inability to locate other potential defendants."); Int'l Business Machines, 857 F. Supp. at 1391.

8

any particular aspect of the proceedings may impose on defendants." Keating, 45 F.3d at 325. Defendants have not identified any legitimate burden that could result from this Action proceeding, other than Defendants' "Fifth Amendment concerns," already discussed above. See Mot. 7:17. This factor weighs against a stay. See, e.g., ESG, 22 F. Supp. at 1046-47.

**D. Judicial Efficiency**

This Keating factor, which considers "the convenience of the court in the management of its cases, and the efficient use of judicial resources,"[4] "normally does not favor granting a stay" because the court has "'an interest in clearing its docket.'" ESG, 22 F. Supp. 3d at 1047. Here, it would be "inconvenient for the court" to indefinitely stay this Action. Id. This factor weighs against a stay.

**E. Third-Party Interests**

The fourth Keating factor considers "the interests of persons not parties to the civil litigation." Keating, 45 F.3d at 324-25. Neither Plaintiffs nor Defendants "have identified any third-party interests that bear upon resolution of this Motion." ESG, 22 F. Supp. 3d at 1047. This factor is neutral. Id.

**F. Public Interest**

The last Keating factor considers "the interest of the public in the pending civil and criminal

---

[4] Keating, 45 F.3d at 325.

litigation." <u>Keating</u>, 45 F.3d at 324-25.  Here, there is no criminal litigation pending.  As to the public's interest in this civil Action, courts recognize that the public has an interest in protecting copyrights and trademarks from infringement.  <u>ESG</u>, 22 F. Supp. 3d at 1047 ("[T]here is a valid public interest in civil litigation where the action 'promotes public confidence in the securities market.'").  This factor weighs against granting the requested stay.

## VI.  CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion for Stay of Action [34].

**IT IS SO ORDERED.**

DATED: March 10, 2015

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge